IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SHARNETTE HANDY HALL, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 08-186 GMS |
| | : | Jury Trial Demanded |
| v. | : | |
| | : | |
| CITY OF WILMINGTON, a municipal government; MONICA GONZALEZ GILLESPIE, individually and in her official capacity as the Director of Personnel for the City of Wilmington; and FRANKLIN AMPADU, M.D., individually and in his official capacity as the Police Surgeon for the City of Wilmington, | : | |
| | : | |
| Defendants. | : | |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES**
**DIRECTED TO DEFENDANT CITY OF WILMINGTON**

Pursuant to Federal Civil Procedure Rule 33, plaintiff hereby directs defendant City of Wilmington, to serve answers to the following interrogatories upon plaintiff's counsel within thirty (30) days of service of these interrogatories upon you.

**DEFINITIONS AND INSTRUCTIONS**

1. "Document" is used herein as that term is used under Federal Civil Procedure Rule 34.

2. "Person" refers to any person, corporation or other entity.

3. "You" or "Defendant" refers individually and collectively to each defendant, his employees, agents, and representatives.

4. "Plaintiff" refers to the plaintiff in the above caption.

5. "Acts complained of in the complaint" refers to paragraph 30 of the Complaint

which avers:  Specifically, the City of Wilmington was negligent in one or more of the following respects:

> (c) Defendant City of Wilmington, through the information provided to the personnel department and the law department, could have prevented or mitigated the harm caused to plaintiff.  More specifically:
>     (i) Defendant City of Wilmington knew or should have known that the board of physicians report was not credible because it had evidence demonstrating that plaintiff had not been properly examined by the board of physicians nor had the board reviewed her medical records as required in the City Code involuntary retirement procedures;
>     (ii) Defendant City of Wilmington deceptively utilized the provisions of the Delaware Workers Compensation Act to compel plaintiff to attend a physical examination;
>     (iii) Defendant City of Wilmington knew or should have known that plaintiff could not be terminated until the Police Chief reviewed a report from the board of physicians that indicated "how far in the opinion of such board, the officer examined is incapacitated from performing regular active duty in the police department";
>     (iv) Defendant City of Wilmington knew that plaintiff was terminated from employment on August 3, 2007 despite not having any opportunity to contest the decision and/or the board of physicians report;
>     (v) Defendant City of Wilmington knew or should have known that its actions and the actions of its employees and/or agents would have a severe detrimental impact on plaintiff;

6. "<u>Concerning</u>" means relating, referring, reflecting, constituting, describing or evidencing.

7. "<u>Identify</u>" as applied to an individual, means to furnish his or her name, current or last-known residential and employment address and telephone number and, as applied to any entity, means to furnish the person's name, principal place of business and state of incorporation.

8. Whenever these interrogatories request you to "identify" a communication of any type and such communication was written, the following information should be provided:

    (a)    the nature of the communication (*e.g.*, letter, memorandum, facsimile, telegram, etc.);

    (b)    the subject matter of the communication;

    (c)    the maker or originator of the communication and person(s) to whom it was directed and/or by whom it was received, including, without limitation, each person who was copied on the communication;

   (d)  the date on which the communication was made; and

   (e)  the person(s) having possession of the original and/or any copies of the communication.

  9.  Whenever these interrogatories request you to "identify" a communication of any type and such communication was oral, the following information should be provided:

   (a)  the maker of the communication and to whom the communication was directed;

   (b)  the subject matter and substance of the communication;

   (c)  the date upon which the communication was made;

   (d)  the person(s) present when the communication was made; and

   (e)  whether the communication was recorded, described or summarized in a document, and if so, the identity of each such document in the fashion indicated in paragraph 7 above.

  10.  Whenever these interrogatories request you to "describe" or to "state with specificity and detail", the following information should also be furnished:

   (a)  the identity of all persons having knowledge of those facts; and

   (b)  the identity of all documents concerning those facts.

  11.  Whenever these interrogatories request you to describe policies, procedures, and/or protocols of yours, include in your answer the inclusive dates during which such policies, procedures, and/or protocols were in effect.

  12.  If privilege is claimed as a ground for objecting to any of these interrogatories, identify the privileged document or communication by stating:

   (a)  its date, and if different, the date of its preparation;

   (b)  the name, address and occupation of the person(s) who prepared the document as of the time of its preparation, or who participated in the communication;

    (c)    the address and occupation of the person(s) to whom the document was directed or circulated or who had access to it, or who participated in the communications;

    (d)    the nature of the document or communication (*e.g.*, letter, memorandum, draft, contract, telephone conversation); and

    (e)    the ground upon which the claim of privilege is made.

13.    These interrogatories are deemed to be continuing, and whenever additional information responsive hereto but not supplied is obtained or becomes known to you, such information should be supplied in writing and under oath, as though expressly requested by separate interrogatories.

## INTERROGATORIES

1. Identify each person who has been interviewed on your behalf and state for each person the date of the interview and the identity of each person who has a resume of the interview.

**ANSWER:**

2. Identify all persons from whom statements have been procured in regard to the facts alleged in the pleadings and give the date of each statement.

**ANSWER:**

3. Identify each report, memorandum or resume prepared by you or any one acting on your behalf including, but not necessarily limited to, any investigator, risk manager or other person pertaining to any of the facts alleged or referred to in the pleadings.

**ANSWER:**

4. Identify each photograph, videotape, recording, digital image, motion picture or any other visual or audio documentation which has been made or taken in regard to any fact alleged in the pleadings.

**ANSWER:**

5. Identify each object, memorandum, letter, invoice, manifest, contract, log, record or other writing which pertains in any way to any of the facts alleged or referred to in the pleadings, whether or not you intend to rely upon the same at trial.

**ANSWER:**

6. Identify each expert retained or employed by you in anticipation of this litigation or preparation for trial, whether or not you expect to call him as a witness at trial, and state for each such person the dates of initial employment and identify any reports, letters, other documents or memoranda, photographs, models or other tangible objects prepared by such expert.

**ANSWER:**

7. Identify each expert you expect to call to testify as a witness at trial and state for each such expert (i) the qualifications of the expert, (ii) the subject matter on which the expert is expected to testify, (iii) the substance of the facts and opinions to which the expert is expected to testify and (iv) the summary of the grounds for each such opinion.

**ANSWER:**

8. Give a brief description of any liability insurance policy, including any excess insurance policy, which you had in effect on the dates which are the subject of this litigation, stating the name and address of all companies providing the insurance, which defendant is covered by the policy and the amounts of coverage. To the extent that the defendant is self-insured, provide the amount of coverage for which each defendant is self-insured.

**ANSWER:**




9. If a defendant, or any one acting on behalf of a defendant, has had any contact with plaintiff or anyone else concerning the plaintiff, such as interviewing such plaintiff or any person who knows such plaintiff, investigating such plaintiff or performing surveillance on such plaintiff, describe in detail each individual contact, identifying the person who made the contact and each document which refers to the contact or directs that the contact be made.

**ANSWER:**




10. Identify the employment status of defendants Franklin Ampadu, M.D. and Monica Gonzalez Gillespie, as to whether they are City permanent employees, City temporary employees, independent contractors or otherwise. If their status has changed since their original date of hire, please indicate the nature of their change of status.

**ANSWER:**

11. Describe with specificity any City policies or procedures associated with the process of termination/involuntary retirement of police officers or firefighters for medical reasons.          **ANSWER:**

12. Identify any training of City employees that is recommended or required by the City in order to participate in the process of termination/involuntary retirement for medical reasons of police officers or firefighters.

**ANSWER:**

13. List the names and dates of all previous police officer/firefighter termination/involuntary retirements for medical reasons and indicate whether the police officer/firefighter contested the termination/involuntary retirement.

**ANSWER:**

14. Describe with detail the entire process of termination/involuntary retirement of plaintiff, including but not limited to:

(a) the date upon which the termination/involuntary retirement process began;

(b) the name and position of the individual who supervised the

        termination/involuntary retirement process;

        (c) the selection criteria that was utilized in order to choose plaintiff for the termination/involuntary retirement process; and

        (d) the explanation as to why plaintiff was selected for the termination/involuntary retirement process;

**ANSWER:**

15. Identify the name and position of all other City employees considered for the termination/involuntary retirement process in the last five years who were not terminated/involuntarily retired.

**ANSWER:**

16. Identify all City employees that in the last five years were disabled due to medical reasons from their City employment for a period of six months or longer, including:

        (a) name;

        (b) department;

        (c) out of work date; and

        (d) whether the employee has returned to work yet.

**ANSWER:**

17. Indicate whether PMA Management Corporation ("PMA") was involved in any way in the Plaintiff's termination/involuntary retirement process. If the answer to the interrogatory is in the affirmative, provide details as to PMA's involvement, including the person notified and the manner of notice. If communications occurred, include without limitation, method of communication (written, fax, e-mail etc.), substance of the communication, and participating persons. Identify all documents concerning each such communication.

**ANSWER:**

18. Indicate whether the City's workers compensation law firm, Heckler and Frabizzio, was involved in any way in the Plaintiff's termination/involuntary retirement process. If the answer to the interrogatory is in the affirmative, provide details as to the law firm's involvement, including the person who was notified there and the manner of notice. If communications occurred, include without limitation the method of communication (written, fax, e-mail etc.), substance of the communication, and participating persons. Identify all documents concerning each such communication.

**ANSWER:**

19. Identify each contact or communication the City had with Dr. John Moore, including:

    (a) persons (name and position) who communicated with Dr. Moore;

    (b) date of the communication

    (c) purpose of the communication

    (d) method of the communication

    (e) substance of the communication

    (f) all documents concerning each communication/contact

**ANSWER:**

20. Identify each contact or communication the City had with Dr. Samuel Matz, including:

    (g) persons (name and position) who communicated with Dr. Matz;

    (h) date of the communication

    (i) purpose of the communication

    (j) method of the communication

    (k) substance of the communication

    (l) all documents concerning each communication/contact

**ANSWER:**

21. Identify the person(s) who prepared the Board of Physician report in this matter.

**ANSWER:**

22. According to Paragraph 4 of the affirmative defenses in your Answer to the Complaint, you assert that plaintiff's claim may be barred, in whole or in part, by the doctrines of fraud, misrepresentation and unclean hands. Describe the alleged fraud, misrepresentation and unclean hands that you attribute to the plaintiff and the evidentiary support that you currently possess in order to assert the affirmative defense.

**ANSWER:**

23. According to Paragraph 8 of the affirmative defenses in your Answer to the Complaint, you assert that plaintiff's claims are barred by absolute immunity. Describe as to each defendant the legal basis for their claim of absolute immunity and the evidentiary support that you currently possess in order to assert the affirmative defense.

**ANSWER:**

      24. According to Paragraph 11 of the affirmative defenses in your Answer to the Complaint, you assert that plaintiff failed to exhaust all administrative remedies available. Describe the administrative remedies that plaintiff failed to exhaust and the evidentiary support that you currently possess in order to assert such an affirmative defense.

      **ANSWER:**


      25. According to Paragraph 15 of the affirmative defenses in your Answer to the Complaint, you assert that plaintiff's §1983 claims against the City are barred because no official with final policy-making authority ratified any alleged conduct taken by any of the individual defendants, even if true. Describe who has final policy-making authority for the termination/involuntary retirement process for medical reasons of police officers and the evidentiary support that you currently possess that said official did not ratify the plaintiff's termination/involuntary retirement.

      **ANSWER:**


      RONALD STONER, P.A.

      */s/ Ronald Stoner*
Ronald Stoner, Esq., DE 2818
1107 Polly Drummond Plaza
Newark, Delaware  19711
(302) 369-6400
Attorney for Plaintiff

DATED: July 16, 2008