## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **SHARNETTE HANDY HALL,** | : | |
| | : | |
| **Plaintiff,** | : | **Civil Action No. 08-186 GMS** |
| | : | **Jury Trial Demanded** |
| **v.** | : | |
| | : | |
| **CITY OF WILMINGTON, a municipal** | : | |
| **government; MONICA GONZALEZ** | : | |
| **GILLESPIE, individually and in her official** | : | |
| **capacity as the Director of Personnel for the** | : | |
| **City of Wilmington; and FRANKLIN** | : | |
| **AMPADU, M.D., individually and in his** | : | |
| **official capacity as the Police Surgeon for** | : | |
| **the City of Wilmington,** | : | |
| | : | |
| **Defendants.** | : | |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES
## DIRECTED TO DEFENDANT FRANKLIN AMPADU, M.D.

Pursuant to Federal Civil Procedure Rule 33, Plaintiff hereby directs defendant Franklin

Ampadu, M.D., to serve answers to the following interrogatories upon Plaintiff's counsel within

thirty (30) days of service of these interrogatories upon you.

## DEFINITIONS AND INSTRUCTIONS

1.    "Document" is used herein as that term is used under Federal Civil Procedure Rule

34.

2.    "Person" refers to any person, corporation or other entity.

3.    "You" or "Defendant" refers individually and collectively to each defendant, his

employees, agents, and representatives.

4.    "Plaintiff" refers to the Plaintiff in the above caption.

5.      "<u>Acts complained of in the complaint</u>" refers to paragraph 30 of the Complaint which avers:  Specifically, Dr. Ampadu and the City of Wilmington were negligent in one or more of the following respects:

(a) Dr. Ampadu, individually and/or as an agent of the defendant City of Wilmington, authored and/or approved a board of physicians' report that was factually inaccurate and potentially false.

(b) Dr. Ampadu knew or should have known that his actions or failure to act would result in the termination/retirement of Plaintiff.

6.      "<u>Concerning</u>" means relating, referring, reflecting, constituting, describing or evidencing.

7.      "<u>Identify</u>" as applied to an individual, means to furnish his or her name, current or last-known residential and employment address and telephone number and, as applied to any entity, means to furnish the person's name, principal place of business and state of incorporation.

8.      Whenever these interrogatories request you to "identify" a communication of any type and such communication was written, the following information should be provided:

(a)      the nature of the communication (*e.g.*, letter, memorandum, facsimile, telegram, etc.);

(b)      the subject matter of the communication;

(c)      the maker or originator of the communication and person(s) to whom it was directed and/or by whom it was received, including, without limitation, each person who was copied on the communication;

(d)      the date on which the communication was made; and

(e)      the person(s) having possession of the original and/or any copies of the communication.

9.      Whenever these interrogatories request you to "identify" a communication of any type and such communication was oral, the following information should be provided:

(a)     the maker of the communication and to whom the communication was directed;

(b)     the subject matter and substance of the communication;

(c)     the date upon which the communication was made;

(d)     the person(s) present when the communication was made; and

(e)     whether the communication was recorded, described or summarized in a document, and if so, the identity of each such document in the fashion indicated in paragraph 7 above.

10.     Whenever these interrogatories request you to "describe" or to "state with specificity and detail", the following information should also be furnished:

(a)     the identity of all persons having knowledge of those facts; and

(b)     the identity of all documents concerning those facts.

11.     Whenever these interrogatories request you to describe policies, procedures, and/or protocols of yours, include in your answer the inclusive dates during which such policies, procedures, and/or protocols were in effect.

12.     If privilege is claimed as a ground for objecting to any of these interrogatories, identify the privileged document or communication by stating:

(a)     its date, and if different, the date of its preparation;

(b)     the name, address and occupation of the person(s) who prepared the document as of the time of its preparation, or who participated in the communication;

(c)     the address and occupation of the person(s) to whom the document was directed or circulated or who had access to it, or who participated in the communications;

(d)     the nature of the document or communication (*e.g.*, letter, memorandum, draft, contract, telephone conversation); and

(e)     the ground upon which the claim of privilege is made.

13.     These interrogatories are deemed to be continuing, and whenever additional information responsive hereto but not supplied is obtained or becomes known to you, such information should be supplied in writing and under oath, as though expressly requested by separate interrogatories.

## INTERROGATORIES

### Section I – Communications

     1.     Provide the date and purpose of each **office visit** you had with the Plaintiff concerning the medical evaluation of Plaintiff for the purpose of termination/involuntary retirement and identify all documents concerning each such visit.

          **ANSWER:**

     2.     Identify each communication you have had **with any healthcare provider**, concerning the medical evaluation of Plaintiff for the purpose of termination/involuntary retirement by date, method of the communication (*e.g.* written, fax, e-mail etc.), substance of the communication, and participating persons, and identify all documents concerning each such communication.

          **ANSWER:**

     3.     Identify each communication you have had **with the Plaintiff** concerning the medical evaluation of Plaintiff for the purpose of termination/involuntary retirement, including without limitation, the method of the communication (written, fax, e-mail etc.), substance of the communication, and participating persons, and identify all documents concerning each such communication.

          **ANSWER:**

4.      Identify each statement that you have given to anyone other than your attorney concerning the medical evaluation of Plaintiff for the purpose of termination/involuntary retirement and identify any person with knowledge of the statement.

**ANSWER:**

5.      Identify each person with which you discussed the medical evaluation of Plaintiff for the purpose of termination/involuntary retirement and for each such person, state:

(a)      the name of the person;

(b)      the date(s) of such discussion;

(c)      the nature of each such discussion;

(d)      the names of all persons present; and

(e)      all documents concerning each discussion.

**ANSWER:**

**Section II – Activities**

6.      Identify by name, position, and employer, all persons who had responsibility in any way for the medical evaluation of Plaintiff for termination/involuntary retirement, and identify all documents that refer or relate to the issue of who had this responsibility.

**ANSWER:**

7.      Identify by name, position, and employer, all persons that had responsibility in any way for the **documentation** of the method and/or any complications encountered in the medical evaluation of Plaintiff for termination/involuntary retirement.

**ANSWER:**

8.      Identify all City policies, procedures, rules, guidelines, standards and/or recommendations that refer or relate to the City's process of conducting medical evaluations of police officers/firefighters for termination/involuntary retirement for medical reasons:

**ANSWER:**

9.      Identify all training required by the City in order to conduct the medical evaluation for termination/involuntary retirement of police officer/firefighters for medical reasons.

**ANSWER:**

10.      Provide details of your understanding of the City's process for termination/involuntary retirement of police officer/firefighters for medical reasons.

**ANSWER:**

11.     If the answer to the preceding interrogatory has changed since the advent of this lawsuit, please identify what your previous understanding of the City's process for termination/involuntary retirement of police officer/firefighters for medical reasons was.

**ANSWER:**

12.     Identify the date(s) you physically examined Plaintiff for the termination/involuntary retirement process.

**ANSWER:**

13.     Describe with specificity your participation and actions in the termination/involuntary retirement process for medical reasons of the Plaintiff.

**ANSWER:**

14.     Identify all persons that participated in the medical evaluation of Plaintiff for termination/involuntary retirement for medical reasons.

**ANSWER:**

15.     Identify each communication you had with Dr. John Moore regarding the Plaintiff, including the date, method of communication (e.g., written, fax, e-mail, etc.), substance of the

communication, and participating persons.  Identify all documents concerning each such
communication.

        **ANSWER:**

       16.     Identify the date that Dr. John Moore examined Plaintiff for the
termination/involuntary retirement process for medical reasons.

        **ANSWER:**

       17.     Identify the date that Dr. John Moore provided the City with the opinion that
Plaintiff was unable to perform the essential functions of a full duty police officer.

        **ANSWER:**

       18.     Identify each communication you had with Dr. Samuel Matz regarding the Plaintiff,
including the date, method of communication (e.g., written, fax, e-mail, etc.), substance of the
communication, and participating persons.  Identify all documents concerning each such
communication.

        **ANSWER:**

19.     Identify the date(s) that Dr. Samuel Matz physically examined Plaintiff for the termination/involuntary retirement process.

**ANSWER:**

20.     Identify the date that Dr. Samuel Matz provided the City with the opinion that Plaintiff was unable to perform the essential functions of a full duty police officer.

**ANSWER:**

21. Identify the person(s) who

(a)     created the Board of Physicians report in this matter; and

(b)     signed the Board of Physicians report in this matter.

**ANSWER:**

22.     Identify any discussion or communication in any form with Police Chief Szczerba about the Plaintiff and the process of termination/involuntary retirement for medical reasons, including the date, method of communication (e.g., written, fax, e-mail, etc.), substance of the communication, and participating persons.  Identify all documents concerning each such communication.

**ANSWER:**

23.     Indicate whether you have participated in any prior termination/involuntary retirement for medical reasons of police officers before your participation in Plaintiff's.

**ANSWER:**

24.     Identify the nature of your employment with the City of Wilmington, including:

  (a) the dates of your employment;

  (b) position;

  (c) duties and responsibilities; and

  (d) compensation

**ANSWER:**

25.     Identify any liability insurance policy, including any excess policy, which you had in effect on the dates which are the subject matter of this litigation, stating the name and address of all companies providing the insurance and the amounts of coverage.

**ANSWER:**

11

**<u>Signature page only.</u>**

RONALD STONER, P.A.


<u>/s/ Ronald Stoner</u>
Ronald Stoner, Esq., DE 2818
1107 Polly Drummond Plaza
Newark, Delaware 19711
(302) 369-6400
Attorney for Plaintiff


DATED:  July 16, 2008