IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SHARNETTE HANDY HALL, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 08-186 GMS |
| | : | Jury Trial Demanded |
| v. | : | |
| | : | |
| CITY OF WILMINGTON, a municipal government; MONICA GONZALEZ GILLESPIE, individually and in her official capacity as the Director of Personnel for the City of Wilmington; and FRANKLIN AMPADU, M.D., individually and in his official capacity as the Police Surgeon for the City of Wilmington, | : | |
| | : | |
| Defendants. | : | |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES
DIRECTED TO DEFENDANT MONICA GONZALEZ GILLESPIE**

Pursuant to Federal Civil Procedure Rule 33, Plaintiff hereby directs defendant Monica Gonzalez Gillespie, to serve answers to the following interrogatories upon Plaintiff's counsel within thirty (30) days of service of these interrogatories upon you.

**DEFINITIONS AND INSTRUCTIONS**

1. "Document" is used herein as that term is used under Federal Civil Procedure Rule 34.

2. "Person" refers to any person, corporation or other entity.

3. "You" or "Defendant" refers individually and collectively to each defendant, his employees, agents, and representatives.

4. "Plaintiff" refers to the Plaintiff in the above caption.

5. "Acts complained of in the complaint" refers to paragraph 30 of the Complaint which avers: Specifically, Monica Gonzalez Gillespie and the City of Wilmington were negligent in one or more of the following respects:

    a. Monica Gonzalez Gillespie knew that under City of Wilmington Code §39-126 a police officer may not be terminated and involuntarily retired without both a fair opportunity of being heard in opposition and an examination by a board of physicians. Despite this knowledge, defendant Gillespie intentionally advanced and then allowed the adverse actions described herein to occur. Plaintiff was notified on two separate occasions that her employment was terminated and she was involuntarily retired, even though defendant Gillespie knew that the City Code's requisite provisions had not been fulfilled.

    b. Monica Gonzalez Gillespie knew or should have known that her actions or failure to act would result in retirement/termination of Plaintiff and the subsequent harm.

6. "Concerning" means relating, referring, reflecting, constituting, describing or evidencing.

7. "Identify" as applied to an individual, means to furnish his or her name, current or last-known residential and employment address and telephone number and, as applied to any entity, means to furnish the person's name, principal place of business and state of incorporation.

8. Whenever these interrogatories request you to "identify" a communication of any type and such communication was written, the following information should be provided:

    (a)    the nature of the communication (*e.g.*, letter, memorandum, facsimile, telegram, etc.);

    (b)    the subject matter of the communication;

    (c)    the maker or originator of the communication and person(s) to whom it was directed and/or by whom it was received, including, without limitation, each person who was copied on the communication;

    (d)    the date on which the communication was made; and

    (e)    the person(s) having possession of the original and/or any copies of the communication.

9. Whenever these interrogatories request you to "identify" a communication of any type and such communication was oral, the following information should be provided:

    (a) the maker of the communication and to whom the communication was directed;

    (b) the subject matter and substance of the communication;

    (c) the date upon which the communication was made;

    (d) the person(s) present when the communication was made; and

    (e) whether the communication was recorded, described or summarized in a document, and if so, the identity of each such document in the fashion indicated in paragraph 7 above.

10. Whenever these interrogatories request you to "describe" or to "state with specificity and detail", the following information should also be furnished:

    (a) the identity of all persons having knowledge of those facts; and

    (b) the identity of all documents concerning those facts.

11. Whenever these interrogatories request you to describe policies, procedures, and/or protocols of yours, include in your answer the inclusive dates during which such policies, procedures, and/or protocols were in effect.

12. If privilege is claimed as a ground for objecting to any of these interrogatories, identify the privileged document or communication by stating:

    (a) its date, and if different, the date of its preparation;

    (b) the name, address and occupation of the person(s) who prepared the document as of the time of its preparation, or who participated in the communication;

    (c) the address and occupation of the person(s) to whom the document was directed or circulated or who had access to it, or who participated in the communications;

    (d)  the nature of the document or communication (*e.g.*, letter, memorandum, draft, contract, telephone conversation); and

    (e)  the ground upon which the claim of privilege is made.

  13.  These interrogatories are deemed to be continuing, and whenever additional information responsive hereto but not supplied is obtained or becomes known to you, such information should be supplied in writing and under oath, as though expressly requested by separate interrogatories.

## INTERROGATORIES

### Section I – Communications

1. Identify each communication you have had **with the Plaintiff** concerning the medical evaluation of the Plaintiff for the purpose of termination/involuntary retirement, including without limitation, method of the communication (written, fax, e-mail etc.), substance of the communication, and participating persons, and identify all documents concerning each such communication.

    **ANSWER:**

2. Identify each communication you have had **with any healthcare provider**, concerning the medical evaluation of Plaintiff for the purpose of termination/involuntary retirement for medical reasons by date, method of the communication (*e.g.* written, fax, e-mail etc.), substance of the communication, and participating persons, and identify all documents concerning each such communication.

    **ANSWER:**

3. Identify each person with whom you discussed the medical evaluation of Plaintiff for the purpose of termination/involuntary retirement and for each such person state:

    (a) the name of the person;

    (b) the date(s) of such discussion;

      (c)      the nature of each such discussion;

      (d)      the names of all persons present; and

      (e)      all documents concerning each discussion.

**ANSWER:**

4.      Identify each statement that you have given to anyone other than your attorney concerning the medical evaluation of the Plaintiff for the purpose of termination/involuntary retirement and identify any person with knowledge of the statement.

**ANSWER:**

**Section II – Activities**

5.      Identify each person who participated in the medical evaluation of the Plaintiff for the purpose of termination/involuntary retirement and describe such participation with specificity and detail.

**ANSWER:**

6.      Identify each person, by name, position, and employer, who was responsible in any way for the medical evaluation of Plaintiff for the purpose of termination/involuntary retirement, and identify all documents that refer or relate to the issue of who had this responsibility.

**ANSWER:**

7. Identify by name, position, and employer, all persons that were responsible for the documentation of the method and/or any complications encountered in the medical evaluation of the Plaintiff for the purpose of termination/involuntary retirement.

**ANSWER:**

8. Identify all other employees that were terminated and/or involuntarily retired for medical reasons, of which you have knowledge, direct or indirect and regardless of the source, and identify all documents that refer or relate to each such employee. In identifying all such employees, state the date of the termination/involuntary retirement and identify the employees by name, position, and department:

(a)

(b)

(c)

(d)

**ANSWER:**

9. Identify all persons that participated in and all documents that refer or relate to the training and/or education of all persons that participated in the medical evaluation of Plaintiff for the purpose of termination/involuntary retirement.

**ANSWER:**

**Section III - Contentions**

10.    If you contend that the Plaintiff acted in such a manner as to cause or contribute to any act or omission of any nature complained of in the complaint, or of any damage alleged to have been sustained in the Complaint, please give a concise statement of the facts upon which you rely for this contention, and provide the name, address and telephone number of any persons with knowledge of said facts.

**ANSWER:**

11.    List each of the following:

(a)    the name and present or last-known residential and employment address and telephone number of each person who has given to you, any agent or employee of you, your attorney or any person acting on your behalf, any statements, medical reports, voice recordings, medical proof of claim forms, reports or memoranda in any way concerning the facts relating to this litigation;

(b)    the date of each such statement, medical report, voice recording, medical proof of claim form, report or memoranda; and

(c)    the name, last known residential and employment address and telephone number of the person(s) who now has possession of the same.

**ANSWER:**

12. Identify by date, author, and number of pages all reports of any kind concerning the medical evaluation of Plaintiff for the purposes of termination/involuntary retirement for medical reasons.

**ANSWER:**

13. State whether any hearings, meetings, inquiries, or conferences (collectively "meetings") were held wherein the adequacy of the medical evaluation of Plaintiff for the purpose of termination/involuntary retirement was referred or related to, and if so, identify the persons present, and the date, places, nature and purpose of said meetings, whether such were recorded or transcribed, and the conclusion of same.

**ANSWER:**

14. Describe with specificity the involvement of PMA Management Corporation ("PMA") in the plaintiff's termination/involuntary retirement process and whether PMA was aware that Plaintiff was being medically evaluated for the purpose of termination/involuntary retirement under City of Wilmington Code §§39-126. If you contend that PMA was aware, identify who at PMA was informed of such and the manner of notice.

**ANSWER:**

15. Identify who rescinded Plaintiff's March 2007 termination/involuntary retirement and the reasons why it was rescinded.

**ANSWER:**

16. Identify who made the decision that Plaintiff could be terminated/involuntarily retired from employment in August 2007.

**ANSWER:**

17. Identify the person(s) who

    (a)    created the Board of Physicians report in this matter; and

    (b)    signed the Board of Physicians report in this matter.

**ANSWER:**

18. Identify who made the decision that the medical evaluation of Plaintiff by the board of physicians met the requirements as provided in City of Wilmington Code §39-126.

**ANSWER:**

19. Identify who was responsible for determination of Plaintiff's economic payouts, such as vacation pay, holiday pay, compensatory time payment, etc. following Plaintiff's termination/involuntary retirement.

**ANSWER:**

20. Identify and explain to your knowledge

    (a) when (what date) the City issued payment to Plaintiff for her final economic payouts, such as vacation pay, holiday pay, compensatory time payment, etc., and

    (b) why the economic payouts were not paid to Plaintiff prior to that date.

    **ANSWER:**

21. Identify who was responsible from the City for the initial processing of Plaintiff's disability pension application documents.

    **ANSWER:**

22. Identify and explain to your knowledge

 (a) when (what date) the City provided Plaintiff with a disability pension application, and

 (b) why the disability pension documents were not provided to Plaintiff prior to that date.

**ANSWER:**

23. Identify when (what date) you first became aware that Dr. John Moore was disputing the information that was attributed to him as contained within the board of physicians report concerning Plaintiff.

**ANSWER:**

24. Once you became aware that Dr. John Moore was disputing the information that was attributed to him as contained within the board of physician's report, what steps if any did you take in response to learning that information.

**ANSWER:**

**Section III – Background**

25. State with specificity and detail your professional training, qualifications and experience, including:

 (a) each university or college attended by you, each degree awarded to you and the date of each degree;

    (b)    each professional society or association of which you are or have been a member and the inclusive dates of the membership;

    (c)    each committee or board on which you are or have been a member.

**ANSWER:**




        RONALD STONER, P.A.


        */s/ Ronald Stoner*
        Ronald Stoner, Esq., DE 2818
        1107 Polly Drummond Plaza
        Newark, Delaware 19711
        (302) 369-6400
        Attorney for Plaintiff

DATED: July 16, 2008