## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **SHARNETTE HANDY HALL,** | : | |
| | : | |
| **Plaintiff,** | : | **Civil Action No. 08-186 GMS** |
| | : | **Jury Trial Demanded** |
| **v.** | : | |
| | : | |
| **CITY OF WILMINGTON, a municipal** | : | |
| **government; MONICA GONZALEZ** | : | |
| **GILLESPIE, individually and in her official** | : | |
| **capacity as the Director of Personnel for the** | : | |
| **City of Wilmington; and FRANKLIN** | : | |
| **AMPADU, M.D., individually and in his** | : | |
| **official capacity as the Police Surgeon for** | : | |
| **the City of Wilmington,** | : | |
| | : | |
| **Defendants.** | : | |

### PLAINTIFF'S FIRST REQUEST FOR THE PRODUCTION OF
### DOCUMENTS DIRECTED TO DEFENDANT CITY OF WILMINGTON

Pursuant to Federal Civil Procedure Rule 34, Plaintiff hereby requests that Defendant

produce the documents designated below for inspection and copying at the office of Ronald Stoner,

Esq., 1107 Polly Drummond Plaza, Newark, DE 19711, within thirty (30) days of service of this

request upon you.

### DEFINITIONS AND INSTRUCTIONS

1.      "Document" shall be defined as that term is used in Rules 26 and 34 of the

Federal Rules of Civil Procedure.

2.      "Plaintiff" refers to the Plaintiff in the above caption.

3.      "You" or "Defendant(s)" refers individually and collectively to the Defendants,

his/her employees, agents, or representatives.

4.      "City" refers to the City of Wilmington.

5.      "<u>Acts complained of in the complaint</u>" refers to paragraph 37 of the complaint which avers:

> a.  Defendants City of Wilmington and Monica Gonzalez Gillespie knew or should have known that under City of Wilmington Code §§39-126, a police officer may not be terminated and involuntarily retired without an examination by a Board of Physicians. Despite this knowledge, the City of Wilmington and Monica Gonzalez Gillespie failed to minimize or eliminate any harm to Plaintiff by allowing Plaintiff's termination to continue even though the City Code's requirements had not yet been fulfilled.
>
> b.  Defendant Dr. Ampadu, individually and/or as an agent of the Defendant City of Wilmington, authored and/or approved a Board of Physicians report that was factually inaccurate and potentially false.
>
> c.  Defendants City of Wilmington, Monica Gonzalez Gillespie and Dr. Ampadu knew or should have known that their actions or failure to act and the actions or failure to act by their employees and/or agents would result in the retirement/termination of Plaintiff and the subsequent harm.

6.      "<u>Concerning</u>" means relating, referring, reflecting, constituting, describing or evidencing.

7.      "<u>And</u>" and "<u>Or</u>" shall be defined as to make the request inclusive rather than exclusive.

8.      <u>Time Period Covered</u>.  All questions, unless otherwise indicated, refer to the time period from 7 years prior to the incident that is the subject of this litigation to the present.

9.      <u>Produce Entire Unredacted Document</u>.  The request herein for documents, whether memoranda, reports, letters, minutes, or other documents or records of any description, requires the production of the document or record in its entirety, without redaction or expurgation.

10.    <u>Manner of Production.</u>  In producing documents, please segregate them either by the paragraph number of the request to which they respond, or in the manner they are kept in your files, indicating the file from which each set of documents comes.

11.    <u>Documents Withheld.</u>  If any document or portion of any document covered by this request is withheld from production, please furnish a list identifying each such document or portion of document, and providing the following information with respect to each such document or portion:

(a)    The reason(s) for withholding;

(b)    The date of the document;

(c)    Identification by name, job title, and the last known business and home address of each person who wrote, drafted, or assisted in the preparation of the document;

(d)    Identification by name, job title, and the last known business and home address of each person who received or has custody of the document or copies thereof;

(e)    Identification by name, job title, and the last known business and home address of each person who has viewed or had access to the document or copies thereof or to whom any portion of the contents has been communicated;

(f)    A brief description of the nature and subject matter of the document;

(g)    A statement of the facts that constitute the basis for the claim of privilege, work product, or other grounds of non-disclosure; and

(h)    The paragraph(s) of these requests to which the document is responsive.

12.    <u>Documents Currently Unavailable.</u>  If any document responding to all or any part of the request for documents is not currently available, include a statement to that effect and furnish whatever documents are available.  Include in your statement when such documents were most recently in your possession or subject to your control and what disposition was made of them,

identify the name, job title, and the last known residential and employment address and telephone number of each person currently in possession or control of such documents.  If any of such documents were destroyed, identify the name, job title, and the last known employment address and telephone number of each person who participated in the destruction of such documents or who directed that the documents be destroyed, and state the reasons the documents were destroyed.

      13.    <u>Continuing Request Requiring Supplemental Responses</u>.  This request for documents is deemed to be continuing, and you are to produce any and all additional documents acquired or discovered after the initial production until the final termination of this action.

<u>**DOCUMENTS TO BE PRODUCED**</u>

<u>**Section I – Termination**</u>

1.      All documents referring or relating to the acts complained of in the Complaint, between you or any of your employees, agents, attorneys or other representatives, and any third person, including but not limited to Plaintiff.

<u>**RESPONSE:**</u>

2.      All reports of any investigation, findings of fact, observation of facts or circumstances or any other matter concerning any aspect of this litigation.

<u>**RESPONSE:**</u>

3.      All documents concerning communication between you and any other persons/organizations, in which was discussed the termination/involuntary retirement of the Plaintiff, including any documents sent to any City employee.

<u>**RESPONSE:**</u>

<u>**Section II– Personnel Records**</u>

4.      All documents, including, but not limited to, the Police Personnel file of the Plaintiff.  This request specifically includes all records in your possession, regardless of whether you created those records and regardless of their time of creation.

<u>**RESPONSE:**</u>

5.     All documents, including, but not limited to, the City Personnel file of the Plaintiff. This request specifically includes all records in your possession, regardless of whether you created those records and regardless of their time of creation.

**RESPONSE:**

6.     All documents, including, but not limited to, the City Worker's Compensation file concerning the Plaintiff.  This request specifically includes all such records in your possession, regardless of whether you created those records and regardless of their time of creation.

**RESPONSE:**

**Section III– Contracts**

7.     The collective bargaining agreement in effect for the time period of January 2007 to the present between the Fraternal Order of Police Lodge One and the City.

**RESPONSE:**

8.     The employment contract between Franklin Ampadu, M.D. and the City of Wilmington.

**RESPONSE:**

**Section IV – State Pension**

9.     All documents concerning any investigation, recordings, transcripts, notes, findings of fact, observation of facts or circumstances or any other matter concerning any aspect of the Plaintiff's potential pension .

**RESPONSE:**

10.     All documents concerning any meeting, conferment, or communication between the Board of Physicians in this matter, including meeting minutes, notes, correspondence, recordings, reports, e-mails, office visits and/or phone calls between Franklin Ampadu, M.D., the City and its agents, employees or other representatives, and the physicians comprising the Board of Physicians.

**RESPONSE:**

11.     Please produce all policies, procedures, rules, guidelines, standards and/or recommendations that refer or relate to the activities of the Board of Physicians in this matter.

**RESPONSE:**

12.     Please produce all policies, procedures, rules, guidelines, standards and/or recommendations that refer or relate to the process of termination/involuntary retirement of a police officer or firefighter for medical reasons.

**RESPONSE:**

13.     Please produce copies of all written complaints, of which you have knowledge, direct or indirect, and regardless of the source, about the activities of the City in termination/involuntary retirements of police officers/firefighters for medical reasons for the time period of January 1, 2000 to the present, and further produce all documents that refer or relate to each such complaint.

**RESPONSE:**

**Section V - Background**

     14.     The curriculum vitae of each individually named Defendant, specifically Franklin

Ampadu, M.D. and Monica Gonzalez Gillespie.

     **RESPONSE:**

**Section VI – Standard Request**

     15.     All documents, photographs, video tapes, sketches, diagrams or other drawings

taken by or prepared by you or on your behalf, in your possession, custody or control, or

available to you, concerning any aspect of this litigation.

     **RESPONSE:**

     16.     All documents that you expect to rely upon at trial or in briefing, or any hearing in

this matter.

     **RESPONSE:**

     17.     All documents referred to, identified, or required to be identified, in your answers to

Plaintiff's First Set of Interrogatories directed to you.

     **RESPONSE:**

18.     All documents concerning the Plaintiff including, but not limited to, all medical records and records of any nature concerning the Plaintiff's physical or mental health.

**RESPONSE:**

19.     Copies of any and all writings in Defendants' possession or available to Defendants and/or their attorney, in addition to the items specified in previous sections of this Request for Production, which are, or may be, relevant in any way to any issue raised by the pleadings herein, including but not limited to the issues of liability and/or damages.

**RESPONSE:**

20.     Any and all copies of liability insurance policies insuring any of the Defendants in his/its/their capacity at the time of the matters raised in the Complaint.

**RESPONSE:**

21.     All documents of any nature given to the Plaintiff referring or relating to the termination/involuntary retirement of Plaintiff's employment with the City.

**RESPONSE:**

RONALD STONER, P.A.


 /s/    *Ronald Stoner*
Ronald Stoner, Esq., DE 2818
1107 Polly Drummond Plaza
Newark, DE 19711
(302) 369-6400
Attorney for Plaintiff

DATED:  July 16, 2008