**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| SHARNETTE HANDY HALL, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C. A. No. 08-186-GMS/MPT |
| | : | |
| CITY OF WILMINGTON, et al., | : | |
| | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

### Procedural Background

Plaintiff, Sharnette Handy Hall ("plaintiff" or "Hall") initiated this 42 U.S.C. § 1983 action on April 3, 2008 against the City of Wilmington ("City"), Monica Gonzalez Gillespie ("Gillespie"), the Director of Personnel for the City, and Franklin Ampadu, M.D. ("Ampadu"), a police physician for the City (collectively "defendants"). In her complaint, Hall alleges that defendants violated her procedural and substantive due process rights in connection with her termination as an employee of the Wilmington Police Department ("WPD"). On May 21, 2008, defendants answered the complaint.

On January 30, 2009, Hall moved for the second time to amend her complaint by adding a defendant, Oluseyi Senu-Oke, M.D. and Associates, and claims against that entity which arise out of its contractual obligations to the City and on the basis of *respondeat superior* for the conduct of Ampadu, its alleged agent, servant or employee. The proposed second amended complaint asserts a claim of negligence against Ampadu for his authoring and approval of an allegedly inaccurate medical report, which Hall argues proximately caused her injuries.

Ampadu opposes only that part of the amendment, specifically paragraphs 37-38, which attempts to assert a separate, new claim of negligence.[1]

This Report and Recommendation addresses Hall's second motion to amend.

**Facts**

In light of a companion decision enteres on April 6, 2009 regarding Hall's first motion to amend the complaint and the City's motion for judgment on the pleadings, the court will not repeat the relevant facts, but incorporates those in that prior decision herein by reference.

**Rule 15**

Fed. R. Civ. P. 15(a) allows a party to amend a pleading once as a matter of course before a responsive pleading is served. After a responsive pleading is served, a complaint may only be amended with the consent of the adverse party or by leave of the court. Generally, such leave is to be freely given.[2] The court has discretion to determine the appropriateness of the proposed amendment and to deny the amendment when considering the factors of undue delay, bad faith on the part of the party seeking the amendment, undue prejudice to the opposing party or futility of the amendment.[3]

Under the liberal pleading standard of Fed. R. Civ. P. 8, only " a short plain statement of the claim *showing* that the pleader is entitled to relief,"[4] is required, the

---

[1] The court need not address the provisions that relate to Oluseyi Senu-Oke, M.D. and Associates since no opposition has been present. However, the only basis for liability asserted against that entity is *respondeat superior*.

[2] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

[3] *Adams v. Gould, Inc.*, 739 F.2d 858, 868 (3d Cir. 1984); *Massarsky v. General Motors Corp.*, 706 F.2d 111 (3d Cir. 1983).

[4] Fed. R. Civ. P. 8(a) (emphasis added).

purpose of which is to place the opposition on notice of the conduct charged.

## Analysis

The proposed relevant added contentions against Ampadu are:

*9. The defendant Franklin Ampadu, M.D. is an agent, servant and/or employee of Oluseyi Senu-Oke, M.D. and Associates, a profession corporation of physicians. Upon information and belief, he provides medical services to City employees through a contractual agreement with the City of Wilmington. He served as medical representative of the City in this termination and involuntary retirement issue.*

   *      *      *

*37. Defendant Franklin Ampadu, M.D. authored and/or approved a Report concerning plaintiff that state that plaintiff had been examined and mer medical reports reviewed by a Board of Physicians consisting of Dr. John Moore, Dr. Samuel Matz and the City of Wilmington Physician. The report further stated the opinion of the Board as to the ability of plaintiff to perform the essential functions of a full-duty police officer. At the time that he authored and/or approved the Report, defendant Franklin Ampadu, M.D. knew or should have known that the information contained therein was not accurate. His negligence in failing to insure that the information contained in the Report was accurate was a proximate cause of plaintiff's injuries as stated herein.*

*38. At all times pertinent hereto, defendant Franklin Ampadu, m.D. was an agent, servant and/or employee of defendant Oluseyi Senu-Oke, M.D. and was acting within the course and scope of that relationship at the time of this incident . . . .*

As noted herein, motions to amend the complaint may be denied if the

amendment would be futile – that is, under any circumstance according to the relevant

facts, a plaintiff could not prove the elements of the claim or recover.  Ampadu's

objections to the proposed second amendment rest on proximate cause.

"To prevail in a claim for negligence, a plaintiff must establish that: (i) the

defendant owed the plaintiff a duty of care; (ii) the defendant breached that duty; (iii) the

3

plaintiff was injured; and (iv) the defendant's breach was the proximate cause of the plaintiff's injury."[5] The failure to prove any element will undermine the entire claim.[6]

In opposing the proposed second amended complaint, Ampadu maintains that even assuming that he was negligent in signing an inaccurate report, specifically that neither Drs. Matz or Moore had examined Hall in connection with the termination process, such negligence is irrelevant and did not play "any substantive role in causing plaintiff's termination." He notes that the decision to terminate her was based on the unrefuted fact that she could not physically perform the full duties of a police officer.[7]

Although Hall does not directly state that she is capable of returning to her former position as a police officer, she argues that the medical record signed by Ampadu was at least grossly inaccurate, if not false, and that Ampadu's argument bears on whether the trier of fact finds in favor of plaintiff or as a factor in damages. Hall appears to suggest that whether her disability required termination was not properly decided and therefore, in question. Moreover, according to the proposed second amended complaint, Dr. Matz opined that whether Hall could return to the field as a police officer was "somewhat of an opened question."

As a result, at this stage, the court cannot state that the proposed amendment would be futile. Hall's second motion to amend should be granted.

## ORDER AND RECOMMENDED DISPOSITION

---

[5] *Campbell v. DiSabatino*, 947 A.2d 1116, 1117 (Del. Super. 2008).

[6] *Wilson v. Derrickson*, 175 A.2d 400, 402 (Del. 1961).

[7] In support of his position, Ampuda points to the findings by Dr. Matz during the workers' compensation examination which noted that Hall was unable to return to the field as a police officer, and that Dr. Moore, her private physician concurred with the City's physician that she was unable to perform the essential duties of her position.

Consistent with the findings herein,

IT IS RECOMMENDED that plaintiff's second motion to amend the complaint (D.I. 59) be granted.  Defendants' responses to the second amended complaint are due consistent with Fed. R. Civ. P. 15(a)(3).

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(a) and D.Del.LR 72.1,  The parties may serve and filed specific written objections within ten (10) days after being served with a copy of this Report and Recommendation.

The parties are directed to the Court's Standing Order in Non-Pro Se matters for Objection Filed under Fed. R. Civ. P. 72, dated April 7, 2008, a copy of which is available on the court's website, www.ded.uscourts.gov.

April 7, 2009                    /s/ Mary Pat Thynge
                                 UNITED STATES MAGISTRATE JUDGE